## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

# 3 : CV 00 - 1352

|  |  |  |
|---|---|---|
| J.E.S., a Minor, by and through his Parents and Natural Guardians, J.S. and M.S.; and J.S. and M.S. Individually, and As Parents of J.E.S., | : : : : : | CIVIL ACTION |
| Plaintiffs | : | **FILED SCRANTON** |
| vs. | : : | JUL 3 1 2000 |
| Counselor Daniel Lewkow; | : | No. |
| Counselor Jason Doe; | : | |
| Counselor Nick Doe; | : | |
| Counselor Robin Doe; | : | |
| Counselor Steven Kelly; | : | |
| Counselor Regan Geza; | : | |
| Nurse Anna Doe; | : | |
| Psychologist Ted Doe; | : | |
| Michael Wolf; | : | |
| David Friedman; | : | |
| Leonard Robinson; | : | |
| Round Lake Camp; and | : | |
| New Jersey YMHA-YWHA Camps | : | |
| a/k/a The New Jersey Y Camps, | : | **JURY TRIAL DEMANDED** |
| Defendants | : | |

PER _____ DEPUTY CLERK

## COMPLAINT

1.    Plaintiffs, J.S. and M.S. are adult individuals, husband and wife who at all times relevant hereto were citizens and residents of California.

2. Plaintiff, J.E.S., is a minor and sues by his parents and natural guardians J.S. and M.S., who reside with the minor plaintiff at 141 Golden Hills Court, Danville, California.

3. Defendant herein, Round Lake Camp, is a summer camp for special needs/special education children which is located in Lake Como, Wayne County, Pennsylvania, and which is owned, run, maintained and/or controlled by the New Jersey YMHA-YWHA Camps.

4. Defendant New Jersey YMHA-YWHA Camps a/k/a The New Jersey Y Camps is a business entity with a principal place of business at 21 Plymouth Street, Fairfield, New Jersey.

5. At all times relevant hereto, Michael Wolf was an adult individual who was the Resident Director and employee of defendants' Round Lake Camp and New Jersey YMHA-YWHA Camps a/k/a The New Jersey Y Camps.

6. At all times relevant hereto, David Friedman was an adult individual who was the Assistant Executive Director and employee of defendants' Round Lake Camp and New Jersey YMHA-YWHA Camps a/k/a The New Jersey Y Camps.

7. At all times relevant hereto, Leonard Robinson was an adult individual who was the Executive Director and employee of defendants' Round Lake Camp and New Jersey YMHA-YWHA Camps a/k/a The New Jersey Y Camps.

8. At all times relevant hereto, defendants Daniel Lewkow, Jason Doe, Nick Doe, Robin Doe, Steven Kelly and Regan Geza were adult individuals employed as counselors at defendants' Round Lake Camp and/or New Jersey YMHA-YMWA Camps a/k/a The New

-2-

Jersey Y Camps.

9.    At all times relevant hereto, defendant Nurse Anna Doe was an adult individual employed as camp nurse at defendant's Round Lake Camp and/or YMHA-YMWA Camps a/k/a The New Jersey Y Camps.

10.    At all times relevant hereto, Psychologist Ted Doe was an adult individual employed as camp psychologist at defendant's Round Lake Camp and/or New Jersey YMHA-YMWA Camps a/k/a The New Jersey Y Camps.

## JURISDICTION AND VENUE

11.    Jurisdiction is invoked pursuant to 23 U.S.C. § 1332, based upon diversity of citizenship, and the matter in controversy exceeds, exclusive of interest and costs, the sum of ONE HUNDRED THOUSAND ($100,000) DOLLARS.

12.    Venue is properly within the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391, since the situs of the underlying negligence and the actions against minor plaintiff occurred primarily at Round Lake Camp, Lake Como, Wayne County, Pennsylvania which is located in the Middle District.

## NATURE OF CASE

13.    Plaintiffs bring this negligence action against defendants for monetary damages for: failure to properly hire, supervise, and retain properly trained counselors and employees; respondeat superior; negligent entrustment; intentional infliction of emotional distress; and negligent misrepresentation involving risk of physical harm.

14.    The damages sought are in the nature of compensatory and punitive damages.

## FACTUAL BACKGROUND

15. At all times relevant hereto, defendants Daniel Lewkow, Jason Doe, Nick Doe, Robin Doe, Steven Kelly, Regan Geza, Nurse Anna Doe, Psychologist Ted Doe, Michael Wolf, David Friedman and Leonard Robinson were employees, agents, and/or servants of defendants Round Lake Camp and New Jersey YMHA-YWHA Camps a/k/a The New Jersey Y Camps.

16. All of the acts alleged to have been done or not to have been done by defendants Round Lake Camp and New Jersey YMHA -YWHA Camps a/k/a The New Jersey Y Camps were done or not done by the defendants, their agents, servants, workmen, and/or employees acting within the scope of their employment and authority for and on behalf of said defendants.

17. At all times relevant hereto, defendant Round Lake Camp, held itself out to be a summer camp for special needs/special education children, specifically, children identified as experiencing attention deficit disorder and/or mild learning disabilities.

18. At all times relevant hereto, defendant Round Lake Camp held itself out as a camp whose key administrators, division leaders and academic instructors had graduate degrees in special education, social work or psychology and who had experience with children with special needs and had expertise in their specialty.

19. At all times relevant hereto, defendant Round Lake Camp claimed to have hired counselors who were mature college students, carefully selected because of their interest in special education and who had previous experience working with children with

-4-

special needs.

20.    At all times relevant hereto, defendant Round Lake Camp advertised that their staff exceeded the standards set by the American Camping Association and that each counselor participated in a specific pre-camp week long training program.

21.    At all times relevant hereto, defendant Round Lake Camp stated as its goals that it would promote the attainment of success of each camper and assist in developing confidence, enthusiasm, achievement and self worth for the child with special needs for whom these emotions are often the benchmarks of emotional growth and well being.

22.    At all times relevant hereto, minor plaintiff suffered and suffers from Attention Deficit Disorder and Bipolar Disorder and is learning disabled, which conditions were well known to defendants.

23.    From July 1, 1999, through August 10, 1999, minor plaintiff, J.E.S., was a camper at Round Lake Camp and was under the exclusive care, control, direction, and supervision of defendants who had a fiduciary duty toward minor plaintiff, a special needs child.

24.    On or about July 20, 1999, minor plaintiff was physically struck by another camper in the jaw.  Said assault and battery occurred in the presence of counselors and/or others in a position of authority.

25.    During the time period of July 1, 1999, through August 10, 1999, minor plaintiff was sexually molested, sexually assaulted and battered, and physically battered by other campers and/or counselors, in the presence of counselors and/or others in a position of

authority.

26.    During the time period of July 1, 1999, through August 10, 1999, minor plaintiff was encouraged by other campers and/or counselors to participate in exposing his genitals and to perform and have performed upon him certain sexual acts. Said activities took place in the presence of or in close proximity to counselors and/or others in a position of authority.

27.    During the time period of July 1, 1999, through August 10, 1999, minor plaintiff was encouraged by other campers and/or counselors to take photographs of campers exposing their genitals and dressing in gender inappropriate clothing. Said photography was done in the presence of counselors and/or others in a position of authority.

28.    During the time period of July 1, 1999, through August 10, 1999, minor plaintiff was exposed to profanity and grossly sexual language and behavior in his cabin, while in the presence of counselors and/or others in a position of authority.

29.    Defendants were aware of the sexual conduct of campers and/or counselors and the potential and actual psychological and physical harm done to the minor plaintiff. Defendants intentionally, recklessly and wantonly failed to make any efforts to prevent said conduct and intentionally and deliberately failed to warn minor plaintiff's parents of the potential and actual conduct and harm in a timely manner.

30.    Defendants, in spite of their fiduciary duty to minor plaintiff, intentionally conspired to hide, from minor plaintiff's parents, the conduct of campers and/or counselors and the harm which occurred to plaintiff.

## COUNT I

## PLAINTIFFS vs. ROUND LAKE CAMP, NEW JERSEY YMHA-YWHA CAMPS a/k/a THE NEW JERSEY Y CAMPS, MICHAEL WOLFE, DAVID FRIEDMAN and LEONARD ROBINSON

## NEGLIGENT HIRING, SUPERVISION AND RETENTION

31.    Paragraphs 1 through 30 are incorporated herein by reference.

32.    At all times relevant hereto, minor plaintiff J.E.S. was a camper at a facility operated and controlled by the named defendants.

33.    At all times relevant hereto, by virtue of accepting minor J.E.S. as a camper at their facility, named defendants Round Lake Camp, New Jersey YMHA-YWHA Camps a/k/a The New Jersey Y Camps, Michael Wolfe, David Friedman and Leonard Robinson had a special fiduciary relationship which included care, supervision, emotional counseling, and providing a safe haven for minor plaintiff.

34.    At all times relevant hereto, minor plaintiff J.E.S., was sexually abused and physically abused by other campers and/or counselors.  Said abuse, and the failure to prevent said abuse, and the blatant acquiescence in said abuse constituted a breach of duty owed to the minor plaintiff by the named defendants Round Lake Camp, New Jersey YMHA-YWHA Camps a/k/a The New Jersey Y Camps, Michael Wolfe, David Friedman and Leonard Robinson to supervise defendant employees Daniel Lewkow, Jason Doe, Nick Doe, Robin Doe, Steven Kelly, Regan Geza, Nurse Anna Doe and Psychologist Ted Doe.

35.    Defendants Round Lake Camp, New Jersey YMHA-YWHA Camps a/k/a The New Jersey Y Camps, Michael Wolfe, David Friedman and Leonard Robinson were negligent and/or grossly negligent in hiring and accepting employees Daniel Lewkow, Jason

Doe, Nick Doe, Robin Doe, Steven Kelly, Regan Geza, Nurse Anna Doe and Psychologist Ted Doe, in that they failed to adequately investigate their general lack of fitness for child caring duties, especially duties related to a special needs child; failed to make sufficient inquiry of the moral character of those employees named above; failed to inquire into the educational qualifications and previous experience of those employees named above; negligently placed said named employees in positions which attested to their fitness and overall suitability to deal with special needs children such as minor plaintiff; failed to subject said named employees to appropriate psychological screening and testing; and failed to monitor said employees on an on-going basis during the 1999 camping season. If named defendants had conducted themselves as described herein, they would have known or should have known of the named employees' unfitness to act as counselors, nurses, and/or psychologists.

36.    Defendants Round Lake Camp, New Jersey YMHA-YWHA Camps a/k/a The New Jersey Y Camps, Michael Wolfe, David Friedman and Leonard Robinson failed to warn minor plaintiff or his parents of the lack of qualifications, fitness, and suitability of the above named employees.

37.    Defendants Round Lake Camp, New Jersey YMHA-YWHA Camps a/k/a The New Jersey Y Camps, Michael Wolfe, David Friedman and Leonard Robinson owed plaintiffs the highest duty of trust and confidence and were required to act in minor plaintiff's best interest. The named defendants' actions and inactions violated that relationship, breached plaintiffs' trust and their duty to plaintiffs. The named defendants failed to act with the highest degree of trust and confidence to protect minor plaintiff from harm.

38.    As a direct and proximate result of the conduct described hereinabove,

-8-

minor plaintiff has suffered physical injury, severe emotional distress, diminished enjoyment of life, anxiety, depression, humiliation, pain and embarrassment; is unable to live a normal life; and is unable to engage in normal development and activities. Minor plaintiff's self-esteem and ability to trust others has been substantially impaired. As a result, minor plaintiff J.E.S. through his parents and natural guardian, J.S. and M.S., has incurred and will continue to incur medical and psychiatric expenses in amounts yet to be determined.

WHEREFORE, plaintiffs hereby demand judgment against defendants Round Lake Camp, New Jersey YMHA-YWHA Camps a/k/a The New Jersey Y Camps, Michael Wolfe, David Friedman and Leonard Robinson for compensatory and punitive damages, interest, costs of suit, attorneys' fees and such other relief as the court or jury many deem proper.

## COUNT II

**PLAINTIFFS vs. ROUND LAKE CAMP, NEW JERSEY YMHA-YWHA CAMPS a/k/a THE NEW JERSEY Y CAMPS, MICHAEL WOLFE, DAVID FRIEDMAN and LEONARD ROBINSON**

### <u>RESPONDEAT SUPERIOR</u>

39.    Paragraphs 1 through 38 are incorporated herein by reference.

40.    At all times material hereto employee defendants Daniel Lewkow, Jason Doe, Nick Doe, Robin Doe, Steven Kelly, Regan Geza, Nurse Anna Doe and Psychologist Ted Doe were employed by named defendants Round Lake Camp, New Jersey YMHA-YWHA Camps a/k/a The New Jersey Y Camps, Michael Wolfe, David Friedman and Leonard Robinson, and were acting within their course and scope of their employment when minor plaintiff was physically and sexually abused. Named defendants are liable for the tortious

conduct, if any, of employee defendants under the Doctrine of Respondeat Superior.

41.    As a direct and proximate result of the conduct described hereinabove, minor plaintiff has suffered physical injury, severe emotional distress, diminished enjoyment of life, anxiety, depression, humiliation, pain and embarrassment; is unable to live a normal life; and is unable to engage in normal development and activities.  Minor plaintiff's self-esteem and ability to trust others has been substantially impaired.  As a result, minor plaintiff J.E.S. through his parents and natural guardians, J.S. and M.S., has incurred and will continue to incur medical and psychiatric expenses in amounts yet to be determined.

WHEREFORE, plaintiffs hereby demand judgment against defendants Round Lake Camp, New Jersey YMHA-YWHA Camps a/k/a The New Jersey Y Camps, Michael Wolfe, David Friedman and Leonard Robinson for compensatory and punitive damages, interest, costs of suit, attorneys' fees and such other relief as the court or jury many deem proper.

## COUNT III

### PLAINTIFFS vs.  ALL DEFENDANTS

### NEGLIGENT ENTRUSTMENT

42.    Paragraphs 1 through 41 are incorporated herein by reference.

43.    The named defendants Round Lake Camp, New Jersey YMHA-YWHA Camps a/k/a The New Jersey Y Camps, Michael Wolfe, David Friedman and Leonard Robinson, knew or should have known of the physically and sexually abusive conduct of campers and/or counselors towards minor plaintiff, J.E.S.

44.    The named defendants Round Lake Camp, New Jersey YMHA-YWHA

-10-

Camps a/k/a The New Jersey Y Camps, Michael Wolfe, David Friedman and Leonard Robinson, knew or should have known of the participation and/or acquiescence, and lack of intervention of employee defendants Daniel Lewkow, Jason Doe, Nick Doe, Robin Doe, Steven Kelly, Regan Geza, Nurse Anna Doe and Psychologist Ted Doe in the physically and sexually abusive conduct exhibited towards minor plaintiff, J.E.S.

45.    As a direct and proximate result of the conduct described hereinabove, minor plaintiff has suffered physical injury, severe emotional distress, diminished enjoyment of life, anxiety, depression, humiliation, pain and embarrassment; is unable to live a normal life; and is unable to engage in normal development and activities. Minor plaintiff's self-esteem and ability to trust others has been substantially impaired. As a result, minor plaintiff J.E.S. through his parents and natural guardians, J.S. and M.S., has incurred and will continue to incur medical and psychiatric expenses in amounts yet to be determined.

WHEREFORE, plaintiffs hereby demand judgment against defendants Round Lake Camp, New Jersey YMHA-YWHA Camps a/k/a The New Jersey Y Camps, Michael Wolfe, David Friedman and Leonard Robinson for compensatory and punitive damages, interest, costs of suit, attorneys' fees and such other relief as the court or jury many deem proper.

## COUNT IV

### PLAINTIFF J.E.S. vs. ALL DEFENDANTS

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46.    Paragraphs 1 through 45 are incorporated herein by reference.

47.    Defendants, through their deliberate participation and/or acquiescence

-11-

and lack of intervention, caused minor plaintiff to suffer the physical and sexual assaults of other campers and/or counselors.

48.    Defendants acted either intentionally or recklessly and knew or should have known that the physical and sexual violations would result in serious emotional distress to minor plaintiff, beyond what a normal person could be expected to endure.

49.    The conduct of defendants towards minor plaintiff as alleged herein exceeded all possible bounds of human decency and was outrageous and unacceptable in a civilized society.

50.    As a direct and proximate result of the conduct described hereinabove, minor plaintiff has suffered physical injury, severe emotional distress, diminished enjoyment of life, anxiety, depression, humiliation, pain and embarrassment; is unable to live a normal life; and is unable to engage in normal development and activities. Minor plaintiff's self-esteem and ability to trust others has been substantially impaired. As a result, minor plaintiff J.E.S. through his parents and natural guardians, J.S. and M.S., has incurred and will continue to incur medical and psychiatric expenses in amounts yet to be determined.

WHEREFORE, plaintiffs hereby demand judgment against defendants Round Lake Camp, New Jersey YMHA-YWHA Camps a/k/a The New Jersey Y Camps, Michael Wolfe, David Friedman and Leonard Robinson for compensatory and punitive damages, interest, costs of suit, attorneys' fees and such other relief as the court or jury many deem proper.

-12-

## COUNT V

### PLAINTIFFS vs. ROUND LAKE CAMP, NEW JERSEY YMHA-YWHA CAMPS a/k/a THE NEW JERSEY Y CAMPS, MICHAEL WOLFE, DAVID FRIEDMAN and LEONARD ROBINSON

### NEGLIGENT MISREPRESENTATION INVOLVING RISK OF PHYSICAL HARM

51. Paragraphs 1 through 50 are incorporated herein by reference.

52. At all times relevant hereto, plaintiffs J.S. and M.S., relied upon the false information from defendants, *to wit*, that until just prior to minor plaintiff's leaving defendant's facility, all reports concerning minor plaintiff's behavior and the behavior of other campers and/or counselors towards him was positive.

53. Defendants negligently gave false information to minor plaintiff's parents and natural guardians, J.S. and M.S., as a result of which they permitted their son, minor plaintiff J.E.S., to remain in peril until August 10, 1999, when he was removed from Round Lake Camp.

54. Named defendants, Round Lake Camp, New Jersey YMHA-YWHA Camps a/k/a The New Jersey Y Camps, Michael Wolfe, David Friedman and Leonard Robinson, failure to ascertain and apprise minor plaintiff's parents of the abusive conduct of other campers and/or counselors, placed minor plaintiff in continuing peril.

55. As a direct and proximate result of the conduct described hereinabove, minor plaintiff has suffered physical injury, severe emotional distress, diminished enjoyment of life, anxiety, depression, humiliation, pain and embarrassment; is unable to live a normal life; and is unable to engage in normal development and activities. Minor plaintiff's self-esteem and ability to trust others has been substantially impaired. As a result, minor

-13-

plaintiff J.E.S. through his parents and natural guardians, J.S. and M.S., has incurred and will continue to incur medical and psychiatric expenses in amounts yet to be determined.

WHEREFORE, plaintiffs hereby demand judgment against defendants Round Lake Camp, New Jersey YMHA-YWHA Camps a/k/a The New Jersey Y Camps, Michael Wolfe, David Friedman and Leonard Robinson for compensatory and punitive damages, interest, costs of suit, attorneys' fees and such other relief as the court or jury many deem proper.

**COUNT VII**

**PLAINTIFFS vs. ALL DEFENDANTS**

**<u>PUNITIVE DAMAGES</u>**

56.    Paragraphs 1 through 55 are incorporated herein by reference.

57.    Defendants are guilty of actual malice in that they had knowledge of facts and intentionally disregarded facts that created a high probability of injury to the minor plaintiff.

58.    Defendants deliberately proceeded to act in a conscious, grossly negligent and/or intentional disregard and with indifference to the high probability of injury to the minor plaintiff.

59.    As a direct and proximate result of the conduct described hereinabove, minor plaintiff has suffered physical injury, severe emotional distress, diminished enjoyment of life, anxiety, depression, humiliation, pain and embarrassment; is unable to live a normal life; and is unable to engage in normal development and activities. Minor plaintiff's self-esteem and ability to trust others has been substantially impaired. As a result, minor

plaintiff J.E.S. through his parents and natural guardians, J.S. and M.S., has incurred and will continue to incur medical and psychiatric expenses in amounts yet to be determined.

WHEREFORE, plaintiffs hereby demand judgment against defendants Round Lake Camp, New Jersey YMHA-YWHA Camps a/k/a The New Jersey Y Camps, Michael Wolfe, David Friedman and Leonard Robinson for punitive damages, interest, costs of suit, attorneys' fees and such other relief as the court or jury many deem proper.

MARSTON & SHENSKY, P.C.

By: _____
EDWARD SHENSKY
I.D. No. 27891
25 North Main Street
Doylestown, PA 18901
(215) 343-6200

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

J.S. and M.S.

## DEFENDANTS

ROUND LAKE CAMP, et al

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___CA___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___Wayne___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Edward Shensky, Esquire
Marston & Shensky, P.C.
25 N. Main St., Doylestown, PA 18901
(215) 343-6200

ATTORNEYS (IF KNOWN)

**3:CV00-1352**

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excl Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability

### REAL PROPERTY
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence

**HABEAS CORPUS:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl Ret Inc Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (823)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U S Plaintiff or Defendant)
- ☐ 871 IRS Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

23 U.S.C. §1332 and 28 U.S.C. §1391

## VI. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $** Excess of $100,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE
7/27/00

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____



Mon Jul 31 15:07:48 2000

UNITED STATES DISTRICT COURT

SCRANTON      , PA

Receipt No.   333 00647
Cashier       tanya

Check Number: 2156

DO Code    Div No
4667        3

Sub Acct Type Tender      Amount
1:510000  N      2          90.00
2:086900  N      2          60.00

Total Amount        $     150.00

MARSTON & SHENSKY 25 N MAIN ST. DOYL
ESTOWN, PA 18901

   NEW CASE FILING FEE J.S. AND M.S. V.
RPUND LAKE CAMP

ctr

Mon Jul 31 15:07:48 2000





# MARSTON SHENSKY

## ATTORNEYS AT LAW

EDWARD SHENSKY
e-mail: eshen@marston-shensky.com

25 N. MAIN STREET • DOYLESTOWN, PA 18901
215/343-6200 • FAX 215/348-1905

PHILADELPHIA OFFICE:
ONE LIBERTY PLACE - 21ST FL.
1650 MARKET STREET
PHILADELPHIA, PA 19103

ALLENTOWN OFFICE:
SUITE 115
5050 TILGHMAN STREET
ALLENTOWN, PA 18104
610/432-1300

July 27, 2000

**3: CV00-1352**

Mary E. D'Andrea, Esquire
Clerk, U.S. District Court
Middle District of Pennsylvania
US Post Office and Courthouse
Scranton, PA   18501

   RE: J.S. and M.S. v. Round Lake Camp, et al

Dear Ms. D'Andrea:

Enclosed please find the following documents for filing with the court.

   Complaint and  (3) copies
   Check in the amount of  $150.00
   Civil Cover Sheet

Kindly file the original of record and return to us the complaints and summons for service upon the defendants

      Very truly yours,

      Jane Nixon
      Legal Assistant

jn

enclosures